## JOSEPH SMITHERS, Administrator of Enoch Joyce, v. EZEKIEL NEEDHAM.

Court of Chancery. Kent. In Vacation. April 18, 1828.

*Ridgely's Notebook V, 447.*

## Notes.

*Heath v. Percival*, 1 P.Wms. 682; 1 Str. 403; 1 Eq.Cas.Abr. 167, pl. 14, 630, pl. 2. In 1693, *A* and *B*, partners in a goldsmith's trade, are bound in a bond to J. L. In the same year they dissolved the partnership and divided the stock; and *A* secured to *B* his share of the stock, and took upon himself all the debts, and gave public notice to all the creditors of the joint stock that they were to receive their money, or look to *A*, only as their paymaster. In 1708, the plaintiff, J. L., came to *A* and called in his money, but then continued it upon *A*'s subscribing the bond at six per cent. *A* continued solvent till 1711, and the plaintiff till that time might when he pleased have had his money. J. L. brought a bill after a great length of time against the executors of *B*. The Lord Chancellor said, the defendant's testator being bound in the bond, he must lie at stake till the money is paid; and though the plaintiff continued the money on the bond, this was not material, since it was upon the credit of both the obligors.

Notice to the creditors, and that it would thereafter alone be liable, that being *res inter alios acta,* did not bind plaintiff; and changing the interest did not alter the security, for still it was the bond of both, but the defendant could not be liable to more than five per cent for the arrear of interest. (This is not a case of surety. See 2 Ves.Jr. 542.)

*Nisbet v. Smith,* 2 Bro.C.C. 579, a creditor giving principal further time for payment releases the surety. This was done by a contract. A suit had been brought against principal, and he was held to bail, but the plaintiff waived further proceedings, on the principal, the defendant, giving a warrant of attorney to confess judgment; upon which warrant a memorandum was indorsed by which it was agreed that no execution should issue on the judgment for the term of three years, in case the interest should be regularly paid. The surety complained of this transaction as unjust, as it gave a credit for three years longer than the bond imported, contrary to his inclination; in addition to which circumstance, the surety had not only never consented to such credit being given, but had pressed the obligee to bring his action upon the bond, which was so brought and compromised, without the privity and consent of the surety bound in that bond.

*Rees v. Barrington,* 2 Ves.Jr. 540. Obligee in a bond with a surety, without communication with the surety takes notes from the principal and gives further time. The surety is discharged. 2 Ves.Jr. 543, 2 Bro.C.C. 582, the surety has a right the day after a bond is due to come here (into Chancery) and insist upon its being put in suit. The obligee has suspended that till the time contained in the notes runs out; therefore he has disabled himself to do that equity to the surety which he has a right to demand. 4 Ves.Jr. 824, *Law v. the East India Company.* 4 Ves. Jr. 829, it cannot be contended upon any principle that prevails as to principal and surety that, where the principal has left a sufficient fund in the hands of the obligee, and he thinks fit, instead of retaining it in his hands to pay it back to the principal, the surety can be ever called on. 4 Ves.Jr. 833, any act of the obligee that may injure a surety is laid hold of in his favor.

*Boultbee v. Stubbs,* 18 Ves.Jr. 20, a creditor having among other securities a bond with a surety, taking a mortgage from the principal debtor and agreeing to receive the residue by instalments, secured by warrant, etc. without prejudice to any security he now holds; injunction granted against suing the surety.

*Wright v. Simpson,* 6 Ves.Jr. 734, the Chancellor said, "As to the case of principal and surety, in general cases, I have [2] under-

---

[2] Vesey's report of the quoted case reads "never," instead of "have."

stood that as between the obligee and the surety, there was an obligation of active diligence against the principal. If the obligee begins to sue the principal, and afterwards gives time, then the surety has the benefit of it. But the surety is a guarantor; and it is his business to see whether the principal pays, and not that of the creditor. The holder of the security, therefore, in general cases may lay hold of the surety; and till very lately, even in circumstances under which the surety would not have had the same benefit that the creditor would have had. But in late cases," etc. This case of *Wright v. Simpson* is not in point to the application of Mr. Smithers. The property of an American Loyalist having been confiscated during the American War, subject to the claims of such of his creditors as were friendly to American independence, to be made within a limited time, and in fact, according to the evidence, further restrained to the inhabitants of the particular state, a bill to have bonds delivered up or to compel the creditor to resort in the first instance to the fund arising from the confiscation, was dismissed on the ground that it did not appear that the creditor had the clear means of making his demand effectual against the fund; the Chancellor also expressing an opinion in favor of the right to sue personally even in that case, against the authority of *Wright v. Nutt* (3 Bro.C.C. 326, 1 H.Bl. 736). But see 2 Johns.Ch. 559, *King v. Baldwin,* where this case of *Wright v. Simpson* is cited by Chancellor Kent.

*Boultbee v. Stubbs,* 18 Ves. Jr. 20, a creditor having among other securities a bond with a surety, taking a mortgage from the principal debtor, and agreeing to receive the residue by instalments, secured by a warrant of attorney to confess judgment without prejudice to any security he now holds; injunction granted against suing the surety.

*Makew v. Crickett and others,* 2 Swans. 193, a creditor whose debt is secured by warrant of attorney to confess judgment, having received promissory notes from the debtor and two sureties, and afterwards entered up judgment and taken the goods of the debtor in execution, and without the knowledge of the sureties, withdraws the execution, has discharged the sureties, but a subsequent promise to pay the debt by one surety, knowing that the execution has been withdrawn, renews his liability. See the notes collected in this case in Swanston. 2 Swans. 189, the Chancellor said, "I always understood that if a creditor takes out execution against the principal, and waives it, he discharges the surety on an obvious principle which prevails in courts of law and in courts of equity." 2 Swans. 190, "The principle is, that he is a trustee of his execution for all parties interested in the bill." 2 Swans. 192, "Though the creditor might have remained passive,

if he chose, yet if he takes the goods of the debtor in execution and afterwards withdraws the execution, he discharges the surety both at law and in equity."

*Samuel v. Howarth,* 3 Mer. 276, 277, the rule is this, that if a creditor without the consent of the surety gives time to a principal debtor, by so doing he discharges the surety; that is, if time be given by virtue of positive contract between the creditor and the principal, not where the creditor is merely inactive. *King v. Baldwin and Fowler,* 2 Johns.Ch. 554; *Hayes v. Ward,* 4 Johns. Ch. 123. Mere delay of the creditor to call on the principal debtor for payment will not discharge the surety. But if the creditor by express agreement with the principal varies the terms of the contract by enlarging the time of performance, without the assent of the surety, the latter is discharged.

A surety on paying the debt is entitled to stand in the place of the creditor and to be subrogated to all his rights against the principal. A surety, when the debt becomes due, may come into equity to compel the creditor to sue for and collect his debt of the principal. The rules for the relief of the surety are the same at law as in equity, when the facts are the same in both courts. And when a surety who has been sued at law makes his defense, which is overruled as insufficient, he cannot afterwards, on the same facts only, obtain relief in equity.

*Lenox v. Prout,* 3 Wheat. 520, the indorser of a promissory note, who has been charged by due notice, of the default of the maker, is not entitled to the protection of a court of equity as a surety; and the holder may proceed against either party at his pleasure, and does not discharge the indorser by not issuing, or by countermanding an execution against the maker. See above, as to surety for a debt due on a bond. 2 Swans. 193, above. See 3 Wheat. 148-158.

### Further Notes.

A colonel of a regiment having taken a bond of indemnity from his agents with another as surety, in respect of all charges, etc. to which he may become liable by their default, the agents having afterward become bankrupt, and government having given notice to the representatives of the colonel (deceased) of a demand upon the colonel's estate by virtue of an unliquidated account, a bill by the representatives of the colonel against the representatives of the surety to pay the balance due to the government, and also to set aside a sufficient sum of their testator's estate to answer future contingent demands, though attempted to be supported upon the principle of a bill *quia timet,* dismissed with costs, *Antrobus v. Davidson,* 3 Mer. 569. No analogy to the

case of *Simmons v. Bolland*, 3 Mer. 547. Government allowing the colonel of a regiment to appoint his own agent, the colonel is answerable for such agent, not by virtue of any security which he gives to government, but by operation of law.

In the case of an ordinary money bond there is no distinction upon the face of it, between principal and surety. *Secus* in the case of an indemnity bond, where the surety expressly stipulates for the act of his principal.

A surety may, in equity, compel his principal to relieve him of his liability by payment of the debt. *Antrobus v. Davidson*, 3 Mer. 569.

---

The result of these cases is:

First, that in case of a bond given for the payment of money by a principal and surety, the obligee need not sue on the same, but may remain passive; and still the surety continues liable. Mere delay in suing the principal will not discharge the surety.

Second, that if the obligee enlarges the time of payment or delays suit by a positive contract with the principal, he thereby discharges the surety.

Third, that if the obligee recovers judgment against the principal, and takes out execution, and waives, or withdraws, or countermands it, he discharges the surety.

Fourth, that a mere request made by the surety to the obligee to proceed against the principal, and the obligee neglects or omits so to do, does not discharge the surety.

Fifth, that the surety may proceed in Chancery to compel the obligee to proceed against the principal, or to release the surety.

Sixth, that a surety may make his defense at law as well as in equity. The rules for relief are the same at law as in equity, when the facts are the same in both courts.

Seventh, that when a surety has been sued at law and makes his defense, which is overruled as insufficient, he cannot afterward, on the same facts only, obtain relief in equity.

Eighth, that the indorser of a promissory note who has been charged by due notice of the default of the maker, and thereby fixed with the debt, is not to be considered as a surety, but as a principal debtor; and the holder may proceed against the maker and indorser, or either, and may take out execution against the maker, or not, and may countermand such execution without discharging the indorser. See 2 Cox 63.